**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       v.<br><br>OSVALDO DIAZ-PABON,<br><br>   Defendant. | CRIM. NO. 96-022(PG) |

**ORDER**

    On March 15, 2013, Osvaldo Diaz-Pabon ("Diaz" or "Defendant") filed a motion titled "Motion Pursuant to "Writ of Error Coram Nobis"" seeking, in essence, that this court reconsider the life sentenced imposed. See Docket No. 249. Not only has the Defendant exhausted all possible post-conviction relief, see Docket No. 221, but the relief he now requests is inapposite.

    "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person, … who is no longer "in custody" and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. U.S., 133 S.Ct. 1103, 1106 n. 1 (2013) (citing United States v. Morgan, 346 U.S. 502, 507, 510-511, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). The Defendant is still in custody, and thus, the remedy he seeks is inapplicable in light of his personal circumstances. At any rate, the claim embodied in his petition is one cognizable in a section 2255 proceeding. See Trenkler v. U.S., 536 F.3d 85, 98 (1st Cir.2008). The petition is filed sixteen (16) years after the Defendant's conviction and almost twelve (12) years after an earlier section 2255 petition was denied and dismissed.

    In the case at hand, no pre-clearance has been either sought or obtained from the Court of Appeals, thus, the petition is in essence an unauthorized second or successive habeas petition and is foreclosed on that basis. See Trenkler, 536 F.3d at 97 (quoting 28 U.S.C. § 2255(h); United States v. Barrett, 178 F.3d 34, 42-45 (1st Cir.1999)). "Given this reality, [this court] [has] only two choices: either dismiss the recharacterized petition or transfer it to [the court of appeals]." Trenkler, 536 F.3d at 98 (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997)). Either way, Diaz's request cannot succeed. First of all, the petition is not premised on either newly discovered evidence

CRIM. NO. 96-022(PG)                                                    Page 2

or a new rule of constitutional law as required by section 2255(h). In addition, "given [Diaz]'s previous unsuccessful challenges to his sentence and the state of the law concerning sentencing guidelines, transferring this motion to the First Circuit Court Appeals would likely be "an exercise in futility."" U.S. v. Rivera-Lebron, No. 00-131, 2009 WL 3157326 at *3 (quoting Trenkler, 536 F.3d at 98-99).

For the reasons explained above, the petition for a writ of coram nobis (Docket No. 249) is hereby **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, April 29, 2013.

                                                  S/ JUAN M. PEREZ-GIMENEZ
                                                  JUAN M. PEREZ-GIMENEZ
                                                  U.S. DISTRICT JUDGE